IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 15-03047-01-CR-S-MDH |
|---|---|
| Plaintiff, | **COUNT 1**<br>(Mail Fraud)<br>18 U.S.C. §§ 1341 and 2<br>NMT 20 Years Imprisonment<br>NMT 3 Years Supervised Release<br>NMT $250,000 Fine<br>Class C Felony |
| v.<br>JAMES BONIS,<br>[DOB: 11/25/1963] | |
| Defendant. | **COUNT 2**<br>(Conducting a Financial Transaction in of $10,000 with Criminally Derived Proceeds)<br>18 U.S.C. § 1957<br>NMT 10 Years Imprisonment<br>NMT $250,000 Fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br><br>**FORFEITURE ALLEGATION:**<br>18 U.S.C. § 981(a)(1)(C)<br><br>$200 Mandatory Special Assessment<br>($100 for each felony count) |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this Information:

### Introduction

1.  Between January of 2004, and March 10, 2014, said dates being approximate, **JAMES BONIS**, the defendant, owned and operated Pyramont North America and Pyramont Global Merchandising Consortium, Ltd., to purchase, and import Chinese-made products into the United States. These Chinese-made products included rifle scopes and knives, (hereinafter

1

items).

2. Between January of 2006, and March of 2014, the defendant also owned and operated CounterSniper Military Optical Gunsight Corporation and JDB Holdings, Inc., to sell these items to online customers and retail stores within the United States.

3. Between March of 2005, and March 10, 2014, said dates being approximate, the defendant entered and executed an agreement with C. Frank Miller, the owner of Dark Ops Holdings, LLC, to engrave and sell Chinese-made and imported items.

### The Scheme

4. The defendant imported the items into the United States at his Greene County, Missouri residences in Springfield and Bois D'Arc, via various private international commercial carriers.

5. Between June of 2006, and March 10, 2014, said dates being approximate, the defendant received shipments of items from his distributor in China. Each of these imported items had stickers, caps and product wrappings which bore markings indicating that these articles were either "made in China," or that the country of origin was China.

6. In particular, the wrappings for the rifle scopes bore printed disclaimers stating that the scopes were "not suitable for military or police use or for large caliber non-sporting arms, includes scales in reticle for measuring trophy game and shooting in wind."

7. At various times when the defendant received these items, he removed the above-described markings and wrappings that indicated China was the country of origin for each item. The defendant similarly removed the packaging, which bore disclaimers that the rifle scopes were "not suitable for military or police use."

8. The defendant then shipped or delivered the items to Dark Ops Holdings, LLC,

located in Springfield, Missouri. At the defendant's direction, Dark Ops Holdings, LLC, engraved "CounterSniper Military Optical Gunsight Corporation, Rochester, NY, USA, Law Enforcement and Military Only" directly onto the rifle scopes and knives. On other items, at the defendant's direction, Dark Ops Holdings, LLC engraved "CounterSniper Military Optical Gunsight Corp," "Property of the Government of the United States of America, Export Prohibited..."

9. Once Dark Ops Holdings, LLC, had engraved the items with the aforementioned markings, the defendant knew that Miller then repackaged the items in containers which bore markings that stated the items were manufactured by CounterSniper Military Optical Gunsight Corp.

10. The fraudulently engraved items were then sold to retail outlets, to U.S. consumers at Dark Ops Holdings' store located in Springfield, Missouri, and to individual consumers over the internet.

11. The defendant knew that Miller caused items to be shipped from the Dark Ops Holdings store in Springfield, Missouri, to consumers located throughout the United States and abroad via the United States Postal Service and various private interstate commercial carriers.

12. The defendant fraudulently marketed these items as American made.

13. Between January of 2007, and March 10, 2014, said dates between being approximate, within Greene County, in the Western District of Missouri, and elsewhere, the defendant, **JAMES BONIS**, with the intent to defraud, devised the above-described scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises.

## COUNT 1
### (Mail Fraud)
### 18 U.S.C. § 1341

14. The allegations set forth in paragraphs 1 through 13 are hereby incorporated in full.

15. On or about March 27, 2011, within Greene County, in the Western District of Missouri, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, the defendant, **JAMES BONIS**, knowingly caused to be delivered by mail according to the direction thereon, the following matter: a rifle scope upon which the true and accurate country of origin markings had been removed and replaced with fraudulent markings, all in violation of Title 18, United States code, Section 1341.

## COUNT 2
### (Conducting a Financial Transaction in Excess of $10,000 with Criminally Derived Proceeds)
### 18 U.S.C. § 1957(a)

16. The defendant re-invested the proceeds from the sale of fraudulently labeled items from prior shipments to purchase new shipments of items imported from China.

17. On or about July 8, 2013, said date being approximate, within Greene County, in the Western District of Missouri, and elsewhere, the defendant, **JAMES BONIS**, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of funds via a $75,000 wire transfer from M&T Bank account number ending in 4455, to LIS Investment Limited, such property having been derived from a specified unlawful activity, that is, mail fraud, contrary to the provisions of Title 18, United States Code, Section 1341, all in violation of Title 18, United States Code, Section 1957(a).

## FORFEITURE ALLEGATION

16. The United States Attorney re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15 and Count 1 in this information for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), 1341, 1343, 1956(c)(7)(A), 1961(1), and Title 28, United States Code, Section 2461(c).

17. As a result of the offenses alleged in Count 1, the defendant, **JAMES BONIS,** shall forfeit all property, real and personal, constituting, or derived from, proceeds traceable to the offense, directly or indirectly, as a result of the violations of law set out in Count 1 of this information, including but not limited to the following property:

   a. a money judgment in the amount of $343,897.37, in United States currency,

   b. Engraved rifle scopes,

   c. Engraved knives,

   d. 6123 battery caps,

   e. Engraved Red Dot sights,

   f. Engraved night vision scopes,

   g. All CounterSniper banners,

   h. 1 laser engraver,

   i. $56,103.63 in cash seized from M&T Bank located in Buffalo, NY account number XXXX4455,

   j. 1 2001 J&L Cargo Trailer with VIN – 1S10121A004109.

**Money Judgment and Other Property Traceable to the Offense**

United States currency and all interest and proceeds traceable thereto, representing the proceeds obtained by Defendant **JAMES BONIS,** in that such sum in aggregate, constitutes or is derived from, proceeds traceable to the offense set forth in Count 1 for an amount up to $343,897.37.

18. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred to, sold to, or deposited with a third person;

    (C) has been placed beyond the jurisdiction of the Court;

    (D) has been substantially diminished in value; and/or

    (E) has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 28, United States Code, Section2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 18 above, or elsewhere, as being subject to forfeiture.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

/s/ Patrick Carney
Patrick A.N. Carney
Assistant United States Attorney

DATED: 4/9/2015
Springfield, Missouri